**FILED**

**AUG 15 2011**

CLERK U.S. BANKRUPTCY, ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

STEVE CHESTER McLAIN,           Case No. 6:10-bk-00289-ABB
                                                               Chapter 7
    Debtor.
_____/

HARTFORD DATA CORP.,

    Plaintiff,                                 Adv. Pro. No. 6:10-ap-00120-ABB

v.

STEVE CHESTER McLAIN,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Amended Objection to Debtor's Claim of Exemptions (Main Case Doc. No. 11) filed by Hartford Data Corporation (HDC) and the Complaint Objecting to Discharge of Debtor (Adversary Proceeding Doc. No. 1) filed by the Plaintiff HDC against Debtor/Defendant Steve Chester McLain seeking denial of his discharge pursuant to 11 U.S.C. Section 727(a). The final evidentiary hearing was held on June 28, 2011, at which the Plaintiff, Debtor, and their respective counsel appeared. The parties submitted post-hearing briefing pursuant to the Court's order.

HDC's Amended Objection to Debtor's Claim of Exemptions is due to be overruled. Judgment is due to be entered in favor of the Plaintiff and against Debtor on the adversary complaint for the reasons set forth herein. The Court makes the following

Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

This proceeding arises in connection with an Automatic Teller Machine (ATM) processing contract between Debtor's unincorporated sole-proprietorship and Plaintiff. Debtor purchased thirty-four ATM machines from Plaintiff and was paid a portion of the fees generated by the use of the machines; he hired Plaintiff to process the ATM transactions. The business relationship deteriorated, causing Debtor to disregard the contract with Plaintiff and replace Plaintiff with a different processing company. Plaintiff sued Debtor in state court.

Debtor filed a Chapter 7 bankruptcy case on January 8, 2010 ("Petition Date") (Main Case Doc. No. 1). He listed 34138 Lee Ave., Leesburg, Florida 34748 ("the Lee Avenue Property") as his street address and claimed the Lee Avenue Property as his exempt homestead. The schedules also list a single family home located at 208 Magnolia Circle, Eustis, FL 32726 ("the Magnolia Circle Property") and personal property; with the exception of a 2002 Honda Goldwing motorcycle, all of the personal property is kept at the Lee Avenue Property.

*Homestead Exemption*

Debtor resided at the Lee Avenue Property and it was his homestead on the Petition Date. HDC's Objection to Debtor's Claim of Exemption is due to be overruled.

Debtor's previous homestead was the Magnolia Circle Property; he abandoned that homestead when he moved to the Lee Avenue Property in late 2009 with the intention of making the Lee Avenue Property his home. Debtor spent ten or twelve

2

nights between December 1, 2009 and the Petition Date at the Magnolia Circle Property; but he physically moved himself and his personal property to the Lee Avenue Property in late 2009 and intended the Lee Avenue Property to be his permanent home.

Debtor had not changed his mailing address or voter registration to the Lee Avenue Property address as of the Petition Date; he did not file a timely real estate tax homestead exemption for the Lee Avenue Property. These facts are not determinative of homestead status.

### *Denial of Discharge*

This is not Debtor's first bankruptcy. He received a Chapter 7 discharge in 1991. He is familiar with the obligations of a party seeking the protections of the bankruptcy court. He testified he reviewed his petition and schedules before they were filed, and he understood they were being filed under penalty of perjury.

Debtor's current bankruptcy case has not proceeded smoothly. He failed to completely and accurately complete his bankruptcy papers; failed to attend scheduled Section 341 meetings on more than one occasion; failed to respond timely to HDC's objection to his claim of homestead exemption; and failed to respond meaningfully to Plaintiff's requests for production of documents.

Debtor voluntarily converted the case to Chapter 13 in June 2010 and attempted to dismiss it on the eve of the Section 341 meeting. The Chapter 13 Trustee objected, and the Court reconverted Debtor's case to Chapter 7. The final Section 341 meeting was conducted on January 4, 2011, almost a year after Debtor filed his original petition.

The schedules filed by Debtor are inaccurate. Debtor owns ten acres of land in Nevada ("the Nevada Property") he omitted from Schedule A. He inherited the Nevada

Property from his mother in 2003 and owns it free and clear of any liens. He has paid the real estate taxes on it every year since 2003, including those taxes due post-petition. Debtor testified he paid the taxes in order to retain the property and with the intention he would pass the Nevada Property to his son in the future. Debtor's claim he forgot about the Nevada property when reviewing the schedules is not credible. His claim the lots are valueless is irrelevant.

The Statement of Financial Affairs is also inaccurate. Debtor claimed no transfers of property, other than those in the ordinary course of his business or financial affairs, within the two years prior to the Petition Date in response to Question 10.a. He did so despite having sold at least thirty-four ATMs to at least ten different buyers within those two years. Debtor's claim these sales were in the ordinary course of his business is not credible. His business was placing ATMs in locations and generating income from their use. Selling the ATMs was not in the ordinary course of his business; it was a liquidation of his business.

Debtor failed to respond in any meaningful way to Plaintiff's document requests. Plaintiff requested documents relevant to Debtor's past and present financial condition, business transactions, real property ownership, and claimed homestead exemption. Debtor failed to serve any written response to the requests and produced a total of six pages of documents, including excerpts from his 2008 through 2010 income tax returns. Debtor failed to produce or properly object to the production of: documents relating in any way to the sale, transfer, gift, or other disposition of any ATM machine since January 2008; personal bank records; bank records of Structured Capital Management; utility bills; insurance policies; credit card billing statements; motor vehicle loan billing

statements; or leases for the rental of any real estate by the Debtor either as landlord or tenant.

Debtor's explanations for these failures are not credible. His excuse the documents are with his accountant in Utah is implausible and insufficient to excuse the production. Debtor made little, if any, attempt to obtain the documents. His claimed belief he did not have an obligation to provide the documents to an opposing party is unreasonable and not plausible. Debtor's counsel advised him failing to respond to the document request may have adverse consequences for his case.

The totality of Debtor's actions establish he did not act in good faith and is not entitled to a discharge. He made false oaths by knowingly submitting inaccurate bankruptcy papers under penalty of perjury. He failed to preserve or concealed financial documents to hinder the Plaintiff's prosecution of this adversary proceeding and the collection of its debt.

Plaintiff established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(3) and (a)(4).

## CONCLUSIONS OF LAW

*Homestead Exemption*

HDC objects to Debtor's claim of homestead exemption on the Lee Avenue Property.

In Florida, "[t]he homestead character of a property 'depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence.'" In re Bennett, 395 B.R. 781, 789 (Bankr. M.D. Fla. 2008) (quoting Hillsborough Inv. Co. v. Wilcox, 13 So. 2d 448, 452 (Fla. 1943)). "Abandonment of a

5

homestead occurs when 'the owner removes from the home with no intention of returning, take up [ ] permanent abode at another place and pursues [a] livelihood there.'" Id. (quoting Barlow v. Barlow, 23 So. 2d 723, 724 (Fla. 1945)).

The Lee Avenue Property was Debtor's homestead on the Petition Date. He was living at the Lee Avenue Property and intended to reside there permanently. He abandoned his previous homestead (the Magnolia Circle Property) in late 2009, when he moved his personal property to the Lee Avenue Property with no intention of making the Magnolia Circle Property his home again. Debtor's failures to change his mailing address and voter registration address and his lack of a timely filing for property tax homestead exemption on the Lee Circle Property are not determinative of Debtor's homestead.

HDC's Objection to Debtor's Claim of Exemptions (Main Case Doc. No. 11) is due to be overruled.

*Denial of Discharge*

The Plaintiff seeks denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(3) and 727(a)(4).[1] Section 727(a) of the Bankruptcy Code sets forth a debtor shall be granted a discharge unless the debtor has committed certain abuses. Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

---

[1] The Complaint also alleges Debtor's discharge should be denied pursuant to Sections 727(a)(2) and (a)(5). At trial, HDC pursued its Section 727(a)(3) and (a)(4) causes of action only. The Court's decision on these grounds makes consideration of additional grounds for denial of discharge unnecessary.

6

The Plaintiff contends Debtor should be denied a discharge because: (1) he concealed or failed to keep or preserve records from which his financial condition or business transactions might be ascertained, and (2) he falsely swore in his bankruptcy papers.

*Concealment of or Failure to Preserve Financial Records*

Section 727(a)(3) provides the Court shall grant a debtor a discharge unless "the debtor has concealed . . . or failed to keep or preserve any recorded information, . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

> The purpose of § 727(a)(3) is to give a creditor and the Bankruptcy Court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge. The focus of the inquiry under § 727(a)(3) is on the debtor's presentation of an accurate and complete account of his financial affairs.

In re Floyd, 322 B.R. 205, 213 (Bankr. M.D. Fla. 2005) (internal quotations omitted). To prevail under this section, a plaintiff must establish: (1) the debtor either failed to preserve recorded information or he destroyed or concealed it, and (2) it is impossible to ascertain the financial condition of the debtor as a result of the debtor's conduct. Id.

Debtor failed to preserve or concealed basic financial information which would have provided creditors information concerning the nature and extent of his assets. He stonewalled and refused Plaintiff's requests for basic financial information, including bank statements and insurance policies; bills of sale or other records of the sales of thirty-four ATMs; and all documents concerning real property owned or leased by Debtor.

There is no justification for Debtor's failure to provide the requested documents. His testimony he did not give Plaintiff this information because he did not think he was required to do so is not credible; it is contrary to his attorney's advice failure to provide the documents could harm his case. Debtor's excuse he was unable to provide the requested documents because they are with his sick accountant in Utah is neither believable nor adequate. He has an obligation to obtain documents residing with his agent; he did little, if anything, to attempt to fulfill that obligation.

Debtor failed to accurately complete his bankruptcy schedules, completely omitting his ownership of the Nevada Property and his sale of thirty-four ATMs. The result of these omissions and Debtor's failure to provide financial records is it impossible to determine his financial condition.

Debtor repeatedly failed to fulfill his disclosure obligations, and his explanations for his failures are not truthful. His are not innocent mistakes, they are part of a plan to conceal assets.

*False Oath*

Section 727(a)(4)(A) provides the Court shall grant a debtor a discharge, unless the debtor knowingly and fraudulently "made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The Plaintiff bears the significant burden of establishing actual fraudulent intent. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (*citing* Wines v. Wines (In re Wines), 997 F.2d 852, 856 (11th Cir. 1993)). Grounds for the denial of a discharge do not exist where a debtor completes his bankruptcy papers to the best of his abilities and attempts to be complete and accurate. In re Burns, 395 B.R. 756, 769 (Bankr. M.D. Fla. 2008). "Discharge may not be denied where the untruth was the

result of mistake or inadvertence." Keefe v. Rudolph (In re Rudolph), 233 Fed. Appx. 885, 889 (11th Cir. 2007) *(citation omitted)*.

Debtor knowingly and fraudulently made false oaths and withheld and concealed information with the intention to hinder his creditors. He signed his bankruptcy papers under oath but intentionally failed to disclose his interests in the Nevada Property and the existence of the ATM sales. Debtor knew he owned the Nevada Property. He inherited it, free and clear of liens, in 2003 and paid taxes on it annually ever since, including those taxes due after the Petition Date. He did so with the intention of keeping the property and passing it to his son in the future. Debtor also knew he sold thirty-four ATMs to at least ten buyers in the two years prior to filing bankruptcy. He knew these sales were in liquidation of his business, not within the ordinary course of his business (placing ATMs in locations and generating income from their usage fees). He chose not to disclose the sales or their proceeds.

Debtor is a sophisticated businessman who had the assistance of counsel in preparing his current petition. This is not his first bankruptcy; he received a Chapter 7 discharge in 1991. He is familiar with the obligations of a party seeking the protections of the bankruptcy court. He testified he reviewed his petition and schedules before they were filed, and he understood they were being filed under penalty of perjury. His claims he forgot about the Nevada Property and did not believe he had to disclose the ATM sales are not credible.

Plaintiff established a basis for denial of Debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(3) and (a)(4)(A). A debtor seeking bankruptcy protection must disclose all assets and interests because full and honest disclosure is essential if the bankruptcy

system is to function effectively. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). A bankruptcy discharge is reserved for an "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 287 (1991).

Debtor sought the protection of the Bankruptcy Code without fulfilling his duty to be honest and forthcoming with his creditors and the Court. He is not entitled to a discharge.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Amended Objection to Debtor's Claim of Exemptions (Main Case Doc. No. 11) filed by Hartford Data Corporation is hereby **OVERRULED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Plaintiff's Complaint (Adversary Proceeding Doc. No. 1) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the general discharge of the Defendant/Debtor Steve Chester McLain is hereby **DENIED** pursuant to 11 U.S.C. Section 727.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 15th day of August, 2011.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge